UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEN LE,<br><br>   Plaintiff,<br><br>  v.<br><br>TRINH NGOC HUYNH, et al.,<br><br>   Defendants. | Case No. 23-cv-00914-SI<br><br>**ORDER DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 9 |

Before the Court is plaintiff Dien Le's *ex parte* motion for a temporary restraining order against defendants Trinh Ngoc Huynh and Huynh Dining. Dkt. No. 9. For the reasons discussed below, the motion is **DENIED.**

### BACKGROUND[1]

Plaintiff's allegations are as follows. Plaintiff owns Hue Restaurant, which is located in a shopping center in San Jose, California, and serves Vietnamese food. Dkt. No. 1, Complaint, at 2–3. Plaintiff owns a valid copyright on his menu. *Id.* at 3. Plaintiff's former employee, Trinh Ngoc Huynh, has opened a restaurant called Huynh Dining across the street from plaintiff. Plaintiff alleges defendants' restaurant has "a confusingly similar name and [the] same offerings," *Id.* Plaintiff alleges defendants' restaurant "features an almost identical menu to Plaintiff's copyrighted Hue Restaurant menu." *Id.*

Plaintiff sued on March 1, 2023, alleging copyright infringement, infringement under the Lanham Act, unfair competition under the Lanham Act, and unfair competition under the California

---

[1] For the purposes of this order, the facts alleged in the complaint and motion for temporary restraining order are assumed to be true.

1  Business and Professions Code. *Id.* at 4–7. Plaintiff filed an ex parte application for a temporary
2  restraining order and order to show cause why a preliminary injunction should not issue on March
3  9. Dkt. No. 9.

## LEGAL STANDARD

Rule 65(b) of the Federal Rules of Civil Procedure permits a court to issue a temporary restraining order without notice to the adverse party only where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant...." Fed. R. Civ. P. 65(b)(1)(A). The movant's attorney must certify in writing "any attempts to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). These requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438-39 (1974).

The standards for issuing a temporary restraining order and a preliminary injunction are the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir.2001). Like a preliminary injunction, a temporary restraining order may only issue if the movant establishes (1) a likelihood of success on the merits, (2) a likelihood that the movant will suffer irreparable harm in the absence of relief, (3) that the balance of equities tips in the movant's favor, and (4) that an restraining order is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit has noted that "very few circumstances justify[] the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

## DISCUSSION

As a preliminary matter, it is unclear why plaintiff brings this motion *ex parte*. Plaintiff's attorney has not made the certification, required by Rule 65(b), explaining why notice should not be required. Dkt. No. 9-4, Watters Decl. ¶¶ 1–5; *see* Fed. R. Civ. P. 65(b)(1)(B). Instead, plaintiff's counsel appears to certify that he did serve defendants. Watters Decl. ¶5. The failure to certify why

2

notice should not be required is itself fatal to the motion for a temporary restraining order. Fed. R. Civ. P. 65(b)(1)(B).

Moreover, the Court is skeptical of the necessity of any injunctive relief based on the arguments before it. Plaintiff alleges that defendants are using plaintiff's mark, but the names of the two restaurants – Hue Restaurant and Huynh's Dining – are distinct. The Court is reluctant to enjoin defendant Trinh Ngoc Huynh from using her own last name for her restaurant on the basis that it shares two letters with plaintiff's restaurant name. Nor is the design of the logos similar. Dkt. No. 9-3, Exhibit B, at 10–12. The Hue Restaurant logo is circular with two slashes through it and features the restaurant name in bold, sans serif font, with "HUE" on a tilt and "RESTAURANT" following the curve of the circle. *Id.* at 10. In contrast, the Huynh Dining logo is square, with an icon of a knife, spoon, and fork above the restaurant name, which is featured in a thin, slightly convex font. *Id.* at 12.

Nor are plaintiff's copyright arguments persuasive. Although plaintiff claims the menus are "almost identical," the design of the menus is distinct. *Id.* at 10–13. The Hue Restaurant menu features bold font in white on a black background, using a Latin script without Vietnamese diacritical marks. *Id.* at 10–11. The menu features pictures of various menu items and, in one place, a bridge. *Id.* A column on the left side of the first page displays extra information, including business hours, pickup and delivery options, and the types of credit cards accepted. *Id.* at 10. Section headings are designed with Vietnamese titles in a text box to the left and English titles unboxed and to the right.

In contrast, the Huynh restaurant menu features black text on a white background with no pictures or text boxes except for the restaurant logo and a floral pattern in the corners. *Id.* at 12–13. The font is thinner with wider kerning and line spacing, and Vietnamese diacritics are used throughout the text. *Id.* Headings feature Vietnamese titles followed by English titles in parentheses. *Id.* The menus are organized slightly differently: Hue Restaurant's menu is divided into Appetizers, Hue's Specialties, Rice Plate, Vegetarian Dishes, and Desserts & Beverages, while Huynh Dining's menu is divided into Appetizers, Main Courses, Vegetarian, Desserts, and Drinks.

*Id.* at 10–13. The menus do feature similar dishes, but they are not identical; for example, Hue Restaurant features 76 menu items while Huynh Dining features only 67. *Id.*

Given the lack of evidence that plaintiffs are likely to succeed on the merits, the Court hesitates to enjoin defendants from using their menu or name, which would likely prevent defendants from doing business altogether. While the Court is sympathetic to plaintiff's concerns that it is losing business due to customer confusion, plaintiff has failed to show that it would suffer irreparable injury if the Court waited long enough to hear full arguments on a motion for a preliminary injunction. Nor has plaintiff shown that the public interest weighs one way or another.

Plaintiff has failed to file the certification necessary for the Court to grant its *ex parte* motion for a temporary restraining order. In addition, plaintiff has failed to establish the elements necessary for a temporary restraining order. The Court sees no justification for the extreme remedy of a temporary restraining order. If plaintiff wishes to file a motion for a preliminary injunction that gives defendants proper notice and an opportunity to be heard, plaintiff may do so.

## CONCLUSION

For the foregoing reasons, the motion for a temporary restraining order and an order to show cause why a preliminary injunction should not issue is **DENIED.**

**IT IS SO ORDERED**.

Dated: March 13, 2023

SUSAN ILLSTON
United States District Judge