UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEN LE,<br><br>          Plaintiff,<br><br>    v.<br><br>TRINH NGOC HUYNH, et al.,<br><br>          Defendants. | Case No. 23-cv-00914-SI<br><br>**ORDER RE MOTION TO DISMISS AND MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 11 |

Before the Court is defendants' motion to dismiss and for monetary sanctions in the amount of $5,000. Dkt. No. 11. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing scheduled for June 2, 2023. For the reasons set out below, the motion to dismiss is GRANTED IN PART. The motion for sanctions is DENIED.

**BACKGROUND**

Plaintiff's allegations are as follows. Plaintiff owns Hue Restaurant, which is located in a shopping center in San Jose, California, and serves Vietnamese food. Dkt. No. 1, Complaint, at 2–3. Plaintiff owns a valid copyright on his menu. *Id.* at 3. Plaintiff's former employee, Trinh Ngoc Huynh, has opened a competing restaurant called Huynh Dining across the street from plaintiff. *Id.* at 3. Plaintiff alleges defendants' restaurant has "a confusingly similar name and [the] same offerings." *Id.* Plaintiff alleges defendants' restaurant "features an almost identical menu to Plaintiff's copyrighted Hue Restaurant menu." *Id.*

Plaintiff sued on March 1, 2023, alleging copyright infringement, infringement under the Lanham Act, unfair competition under the Lanham Act, and unfair competition under the California

1  Business and Professions Code. *Id*. at 4–7. On March 13, 2023, this Court denied plaintiff's motion
2  for a temporary restraining order that would prevent defendants from using plaintiff's menu or using
3  the "Hue Restaurant" mark or any mark or design likely to cause confusion. Dkt. No. 10; *see* Dkt.
4  No. 9 (motion for temporary restraining order).

5  Defendants now move to dismiss plaintiff's complaint and seek $5,000 in sanctions. Dkt.
6  No. 11. Defendants argue that plaintiff has no registered trademark or copyright and brought his
7  suit without a good faith basis. *Id.* at 2.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether to grant a motion to dismiss, the Court must assume the plaintiff's allegations are true and must draw all reasonable inferences in his favor. See *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Dismissal can be granted with or without leave to amend. Leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d

1  494, 497 (9th Cir. 1995)).

## DISCUSSION

### A. Copyright Infringement

To state a claim for copyright infringement, a plaintiff must show both that the plaintiff owns a valid copyright and that the defendant copied protected aspects of the work. *See Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). Defendants argue that plaintiff has failed to plead ownership of a valid copyright because plaintiff attached to the Complaint a copyright application, not a registration. Dkt. No. 11-1 at 3. Plaintiff argues that this is irrelevant because a copyright exists upon a work's creation. Dkt. No. 13 at 2.

It is true that upon registration of a copyright, "a copyright owner can recover for infringement that occurred both before and after registration." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019). The author of a work gains exclusive rights upon the work's creation. *Id.* at 887. However, a copyright claimant must generally comply with the registration requirements of 17 U.S.C. § 411(a) before he may pursue an infringement claim in court. *Id.* Thus, "registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Id.* In *Fourth Estate*, the Supreme Court clarified that a lawsuit can be brought "only when the Copyright Office grants registration," not when an owner submits a completed application. *Id.* at 888.

Plaintiff attached to his complaint as Exhibit A copyright *application*, not a copyright registration. Dkt. No. 1, Ex. A. This is not sufficient under *Fourth Estate*. Because plaintiff has failed to adequately plead that registration has been made, his claim for copyright infringement is dismissed.

### B. Trademark Infringement

Defendants also move to dismiss plaintiff's claims for trademark infringement. Dkt. No. 11-1 at 4. Plaintiff has not pled a registered trademark. *See* Dkt. No. 1. To establish infringement of an unregistered trademark, a plaintiff must show that the mark "(1) is nonfunctional; (2) is either

3

1    inherently distinctive or has acquired a secondary meaning; and (3) is likely to be confused with
2    [the competitor's] products by members of the consuming public." *Int'l Jensen, Inc. v. Metrosound*
3    *U.S.A., Inc.*, 4 F.3d 819, 823 (9th Cir. 1993). This test is the same as the test for trade dress. *Id.*

4    Defendants first argues that plaintiff "cannot demonstrate that Hue restaurant is a registrable
5    mark" because Hue is the name of a city in central Vietnam. Dkt. No. 11-1 at 4–5. Descriptive
6    terms "describe a person, a place or an attribute of a product." *Japan Telecom, Inc. v. Japan Telecom*
7    *Am. Inc.*, 287 F.3d 866, 872 (9th Cir. 2002). A mark will generally not be registrable if it is
8    "primarily geographically descriptive." 15 U.S.C. § 1052(e)(2). But a trademark that incorporates
9    a geographic term may still be enforceable. *See Comm. for Idaho's High Desert, Inc. v. Yost*, 92
10   F.3d 814, 821 (9th Cir. 1996) (upholding district court's conclusion that "Committee for Idaho's
11   High Desert" mark is "not primarily geographically descriptive" even though "Idaho high desert" is
12   a geographic term"). A mark must be evaluated as a whole. *Id.* This determination is a question of
13   fact and is premature at the motion to dismiss stage. *See id.* (applying clear error standard); *see also*
14   *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 840 (9th Cir. 2001) ("Whether a
15   mark is generic is a question of fact.").

16   Even if the mark itself is generic, it may be enforceable if it has acquired secondary meaning.
17   *Levi Strauss & Co. v. Blue Bell, Inc.*, 632 F.2d 817, 820 (9th Cir. 1980). This, too, is a question of
18   fact. *Id.* at 821. Defendants have therefore failed to show that plaintiff's trademark is invalid as a
19   matter of law.

20   Next, defendants argue that even if the mark were enforceable, plaintiff cannot show a
21   likelihood of confusion. Dkt. No. 11-1 at 5–6. Defendants point to the Court's denial of plaintiff's
22   motion for a preliminary injunction, in which the Court noted that the names of the parties'
23   restaurants are "distinct" and the designs of the logos are not similar. *Id.* at 5; *see* Dkt. No. 10 at 3.
24   But here, too, defendants have failed to show that plaintiff's claim fails as a matter of law. Plaintiff
25   has pled that defendants' use of plaintiff's mark has confused customers and continues to do so.
26   Dkt. No. 1 at 6. Plaintiff's pleadings allege facts sufficient to "raise a right to relief above the
27   speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

28

### C. Other Claims

Defendants argue that if the federal law claims are dismissed, the Court lacks supplemental jurisdiction over the state law claims. Dkt. No. 11-1 at 6. This argument rests on the assumption that the Court will dismiss the federal law claims. Similarly, defendants argue that the state law claims fail because there are no valid copyright or trademark claims. Dkt. No. 11-1 at 6–7. However, for the reasons explained above, the Court finds that plaintiff has adequately pled his Lanham Act claims. Because defendants' arguments are dependent on dismissal of the federal claims, the arguments fail.

### D. Sanctions

Defendants ask that the Court award $5,000 in estimated attorney's fees as a sanction against plaintiff's conduct in bringing this complaint. Dkt. No. 11-1 at 7–8. Defendants' only basis for asserting bad faith is that this Court denied plaintiff's motion for a temporary restraining order and defense counsel told plaintiff's counsel that it would seek sanctions if plaintiff continued to prosecute the case. *Id.* at 7. This is not sufficient to show bad faith. Defendants' motion for sanctions is **DENIED.**

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED IN PART**. Plaintiff's first cause of action is **DISMISSED** with leave to amend. **If plaintiff wishes to amend the complaint, he must do so no later than July 3, 2023**. With respect to the remaining claims, the motion to dismiss is **DENIED**. Defendants' motion for sanctions is **DENIED.**

**IT IS SO ORDERED**.

Dated: May 31, 2023

SUSAN ILLSTON
United States District Judge