UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEN LE,<br><br>        Plaintiff,<br><br>     v.<br><br>TRINH NGOC HUYNH, et al.,<br><br>        Defendants. | Case No. 23-cv-00914-SI<br><br>**ORDER DENYING EXTENSION OF FACT DISCOVERY AND GRANTING IN PART AND DENYING IN PART DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. Nos. 38, 40 |

Before the Court are numerous filings by the parties that concern a request by plaintiff to extend the close of fact discovery and various discovery disputes. Dkt. Nos. 38, 40, 41, 42, 43. For the reasons stated below, the Court DENIES plaintiff's request to extend fact discovery but ORDERS defendants to respond to the Requests for Production ("RFPs") contained in the December 29, 2023 deposition notices.

**BACKGROUND**

Under the Court's September 18, 2023 pretrial preparation order, the cutoff date for non-expert discovery was January 15, 2024. Dkt. No. 29. That pretrial preparation order also set the bench trial for May 20, 2024. The bench trial was later continued to June 10, 2024. Dkt. No. 33. On November 30, 2023, the parties attended a settlement conference with Magistrate Judge Kang, but the case did not settle. Dkt. No. 32.

On January 16, 2024, a day after the close of non-expert discovery, plaintiff filed an ex parte motion to extend fact discovery. Dkt. No. 37. This filing was not processed because the signing attorney was not listed as an attorney of record. Plaintiff re-filed this ex parte motion on January 17, 2024 and requests the fact discovery cutoff be extended to February 23, 2024. Dkt. No. 38.

1	The background to this dispute is as follows. On November 17, 2023, plaintiff's counsel served discovery requests on defendant Huynh as an individual via email. Dkt. No. 42-1 ("Heimlich Decl.") ¶ 4. Responses to these requests were sent on December 15, 2023 via email. *Id.* ¶ 5. Plaintiff did not serve written discovery requests on defendant Huynh Dining except for those contained within the deposition notice (discussed below). *Id.* ¶ 6.

On December 29, 2023, plaintiff's counsel served two deposition notices on defendants, one to Huynh as an individual and one 30(b)(6) notice to Huynh Dining that also requested document production. Dkt. No. 38-1 ("Chenette Decl."), Ex. 2; Heimlich Decl. ¶ 7. The notices set both depositions for January 12, 2024. *Id.* Plaintiff's counsel indicated via email on January 10, 2024 that deponents were expected to be available on January 12, 2024 and that plaintiff was entitled to seven hours of deposition testimony for each deposition. Chenette Decl., Ex. 1. Defendant's counsel responded that the two depositions could not happen on the same day or simultaneously. *Id.* Ultimately, defendants' counsel agreed to allow plaintiff to take one of the depositions on January 17, 2024 but did not agree to extend fact discovery beyond the taking of the deposition, and did not agree to provide additional discoverable documents or information requested during the deposition after the close of discovery. Chenette Decl., Exs. 1, 3; Heimlich Decl. ¶ 9. On January 12, 2024 defendant Huynh was deposed. Dkt. No. 42 at 3-4. Thi Tran for Huynh Dining was deposed on January 17, 2024. *Id.* at 4. Both parties assert improper conduct by the opposing party's counsel during the depositions and present arguments that go to the merits of the case or the credibility of witnesses.

On January 19, 2024, counsel met and conferred via Zoom for 75 minutes to discuss plaintiff's demands regarding discovery issues. Heimlich Decl. at 3. The parties followed up with further email exchanges. *Id.* at Ex. B. Outstanding discovery disputes remain.

Plaintiff asserts that defendants refused to appear for a "timely and properly noticed 30(b)(6) deposition before the close of fact discovery"; plaintiff did not obtain seven hours of deposition testimony for defendant Huynh and needs to complete the 30(b)(1) deposition; defendant failed to produce relevant discovery documents before or during the deposition, the witness needed an interpreter which consumed significant time, the witness refused to answer relevant questions, and

United States District Court
Northern District of California

defendant's counsel coached the witness through speaking objections; extending fact discovery will not affect the trial schedule; and extending the fact discovery cutoff may allow plaintiff to avoid filing a motion to compel discovery on defendant. Dkt. No. 38 at 3. Plaintiff asserts that the deposition testimony revealed that defendants failed to search for and produce critical documents, refused to answer deposition questions, and misrepresented facts under oath. Dkt. No. 43 at 2. Plaintiff acknowledges that he could have served discovery earlier but explains that he did not because he anticipated the case settling and "had uncertainty around his budget given the impact" of defendant's restaurant directly across the street. Dkt. No. 38 at 4; Dkt. No. 43 at 9. He also points to a "very short discovery period" of four months. Dkt. No. 43 at 9. If fact discovery is not extended, plaintiff requests leave to file a motion for sanctions for "defendant's willful refusal to provide discovery, and for providing demonstrably false deposition testimony." Dkt. No. 43 at 10-11.

Defendants oppose an extension of fact discovery on the grounds that plaintiff has disregarded the Local Civil Rules and Federal Rules of Civil Procedure and has not been diligent in pursuing the case or observing the discovery deadlines set by the Court. Dkt. No. 42 at 1. Defendants also maintain that the deposition notice for Huynh Dining that requested documents was improper because the requisite 30 days' notice was not provided. *See* Chenette Decl., Ex. 1.

## DISCUSSION

### I. Plaintiff's Request to Extend the Fact Discovery Cutoff

Under Civil Local Rule 7-10, "[u]nless otherwise ordered by the assigned Judge, a party may file an ex parte motion . . . only if a statute, Federal Rule, local rule, or Standing Order authorizes ex parte filing. The motion must include a citation to the statute, rule, or order which permits the use of an ex parte motion to obtain the relief sought." Plaintiff did not cite any authority authorizing the ex parte motion initially filed on January 16, 2024, after the cutoff date for fact discovery.

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The Court does not find good cause to extend the fact discovery cutoff date. The parties had sufficient time to issue the necessary discovery requests and plaintiff has not provided a persuasive explanation as to why there is good cause for an extension

of fact discovery.

Plaintiff's Ex Parte Application at Dkt. No. 38 is therefore DENIED.

Under Civil Local Rule 37-3, "no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off." Plaintiff did not file a motion to compel discovery within this time frame. The Court DENIES plaintiff's alternative request for leave to file a motion for sanctions as the Court sees no basis for sanctions on these facts.

## II.   Discovery Disputes

Plaintiff filed a discovery letter brief on January 25, 2024 concerning purported discovery deficiencies discovered during the depositions of defendants. Dkt. No. 40. Defendants respond in part that the document requests contained in the deposition notices issued on December 29, 2023 were not timely. Defendants do not cite any legal authority for this assertion.

Federal Rule of Civil Procedure 30(b) by its terms only requires that "reasonable" notice of a deposition be provided. Rule 34 allows a party to serve requests for production of documents on another party, so long as the request falls within the scope of Rule 26(b). The party who has been served with a request for production has 30 days to respond or object to each request. Fed. R. Civ. P. 34(b)(2). Deposition notices of party deponents may be accompanied by a request under Rule 34 to produce documents at the deposition. Fed. R. Civ. P. 30(b)(2). Courts have held that when a deposition notice includes document requests, 30 days' notice is required. *See, e.g.*, *Young v. Client Services, Inc.*, No. 5:20-cv-01741-GW (SPx), 2022 WL 1599844, at *2 (C.D. Cal. March 21, 2022); *Hahn v. Massage Envy Franchising, LLC*, No. 12cv153-DMS (BGS), 2014 WL 12899290, at *3 (S.D. Cal. July 24, 2014) (reasoning that "parties may not circumvent the allotted time to respond set forth in Rule 34 by couching a document request as a Rule 30(b)(6) deposition notice").[1]

---

[1] Moore's Federal Practice provides additional guidance. It confirms that the "deposing party may require the deponent to bring documents and other materials to the deposition." 7 Moore's Federal Practice - Civil § 30.22 (2023). If the deponent is a party, "the notice may be accompanied . . . by a request made in compliance with Rule 34 for the production of documents." *Id.* The treatise goes on to explain that a party "will not be permitted to use a document request in connection with a deposition to circumvent court-imposed discovery deadlines. For example, if the deadline for serving documentary discovery requests has passed, a party cannot avoid the expiration of the deadline by serving an extensive document request in connection with a notice of deposition." *Id.*

4

The Court agrees with defendants that the document requests contained within the December 29, 2023 deposition notices were not timely noticed, but under all the circumstances of this case the Court ORDERS defendants to respond to the document requests contained within the November 29, 2023 deposition notices. The Court addresses specific disputes raised by the parties below.

### A.     Plaintiff's Requests to Complete Depositions

Plaintiff requests additional time to complete defendant Huynh's 30(b)(1) deposition and the 30(b)(6) deposition because of the following issues: documents not produced, there was not a full seven hours of deposition testimony, the witness "repeatedly refused to answer basic questions," there was "extensive witness coaching by counsel," some deposition time was consumed by a translator, there were "numerous lengthy speaking objections," and defendant "refused to answer many questions and/or provided evasive answers." Dkt. No. 40 at 2; Chenette Decl. ¶ 6. According to defendants, the deposition of Huynh started at 10am and ended at 5:51pm with a 30-minute lunch break. Dkt. No. 42 at 3-4. The deposition of Huynh Dining went from 9am to 5pm with an hour lunch break. *Id.* at 4. The Court sees no basis to permit more deposition time. Under Federal Rule of Civil Procedure 30(d), a deposition is limited to one day of seven hours unless otherwise stipulated or ordered by the court. It appears that the depositions of defendants ran for seven hours each, excluding lunch breaks. If plaintiff disputes the times provided by defendants as to when the depositions started and ended, plaintiff may notify the Court.

### B.     Defendants' Lease Agreement

Plaintiff requested any and all documents relating to the lease of defendants' restaurant in RFP No. 4 issued on November 17, 2023 and again in the December 29, 2023 deposition notices. Dkt. No. 41, Ex. 1. Plaintiff asserts that he owns his restaurant space and that he believes defendants' lease restricts defendants from operating a restaurant in Paloma Plaza in San Jose. Dkt. No. 40 at 2. Plaintiff further contends that the lease is relevant to unfair competition and trademark infringement because it goes to proximity, advertising, purchaser's degree of care, defendants' intent, and likelihood of expansion. *Id.* The Court finds that the lease is relevant to plaintiff's pled

5

1  claims, and given the broad scope of discovery, ORDERS defendants to produce it.

### C.  Wholesaler Information

Plaintiff sought wholesaler information during the depositions; it was not included in any of the RFPs. *See* Dkt. Nos. 40, 41. Consequently, the Court will not order defendants to produce this information.

### D.  Most Popular Dishes

Plaintiff indicates that defendants were unable to state which dishes were most popular during their depositions. Dkt. No. 40 at 3. Information about most popular dishes was not sought in the RFPs. Consequently, the Court will not order defendants to produce this information.

### E.  Responsive Business Records

Plaintiff indicates that during the depositions, plaintiff learned of "relevant responsive emails and business records, which Defendants had not provided to counsel." Dkt. No. 40 at 3. To the extent defendants have not produced business records requested in RFPs issued prior to the close of fact discovery, including the RFPs contained in the deposition notices, defendants are ordered to produce all responsive nonprivileged documents.

### F.  Names of Defendants' Employees and Agreements with Their Employees

Plaintiff requests the names of defendants' employees to confirm whether any work or worked for plaintiff, along with any agreements with these employees, indicating that plaintiff asked for this information during the depositions and defendants refused to answer. Dkt. No. 40 at 3. Defendant responds that there are no trade secret claims at issue. Dkt. No. 41 at 2. To the extent plaintiff requested this information in interrogatories or RFPs, defendants are order to produce all responsive nonprivileged information.

**CONCLUSION**

As explained above, the Court denies plaintiff's request to extend the close of fact discovery. However, the parties must fully comply with discovery requests issued prior to the close of fact discovery, including the RFPs contained in the December 29, 2023 deposition notices. If outstanding discovery disputes remain regarding documents requested prior to the close of fact discovery, the parties are ordered to meet and confer in accordance with the Local Rules and submit any remaining disputes to the Court in a joint discovery letter in accordance with the Local Rules. The Court again urges the parties to pursue settlement to save the expense and time of going to trial.

**IT IS SO ORDERED**.

Dated: February 16, 2024

_____
SUSAN ILLSTON
United States District Judge