UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEN LE,<br><br>  Plaintiff,<br><br>  v.<br><br>TRINH NGOC HUYNH, et al.,<br><br>  Defendants. | Case No. 23-cv-00914-SI<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 47 |

Before the Court is plaintiff's motion for leave to file a second amended complaint. Dkt. No. 47. Defendants oppose. Dkt. No. 51. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral argument, and VACATES the May 10, 2024 hearing. After considering the parties' briefing, attachments to the briefing, and the case record, the Court hereby DENIES the motion.

Courts consider several factors in assessing the propriety of a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *U.S. v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). "It is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

The Court finds that permitting amendment now when trial is set for June 10, 2024 and non-expert discovery closed on January 15, 2024 would unduly prejudice defendants, which tips the scale in favor of denying leave to amend. The addition of three new parties and four new claims

would require reopening discovery. A need to reopen discovery and therefore delay the proceedings supports a finding of prejudice, as does the addition of parties. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *In re Fritz Cos. Secs. Litig.*, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (finding the additional causes of action would have required further discovery, which was to close five days after the motion to amend was filed, and that this would have prejudiced the defendant and delayed the proceedings such that the District Court did not abuse its discretion in denying the plaintiff's motion to amend).

Additionally, although delay is not a dispositive factor, it is relevant, and weighs against granting leave to amend here. *See Lockheed Martin Corp.*, 194 F.3d at 986. Plaintiff's motion to amend was filed on March 14, 2024, about two months after the close of fact discovery. Nothing in the proposed second amended complaint relies on facts that were unavailable earlier. The websites of both plaintiff and defendants' restaurants have been publicly available since the start of this case. In defendant Huynh's December 15, 2023 responses to plaintiff's Request for Production ("RFP") No. 6 concerning documents relating to the creation of Huynh Dining's recipes, plaintiff objected that this was a confidential trade secret and irrelevant as the recipes were not at issue in the case. Dkt. No. 47-1 ("Chenette Decl.") Ex. 7 at 5. Plaintiff could have put the recipes at issue through a trade secret misappropriation claim earlier if he chose to; he did not need the February 27, 2024 document production to do so. Plaintiff has known about Thi Tran, defendant Huynh's daughter, for months, and could have added her as a defendant earlier in the case. For example, in defendants' July 28, 2023 Rule 26 disclosures, Thi Tran, in-store manager, is listed as a person who may have discoverable information to support defendants' claims and defenses. Dkt. No. 51-1 ("Heimlich Decl.") Ex. C at 2. In his January 25, 2024 discovery letter brief, plaintiff requested defendants' lease because he "believes" it restricts defendants from operating a restaurant in their present location because the San Jose municipal code restricts the number of restaurants in the plaza to three and all three restaurants existed before Huynh Dining. Dkt. No. 40 at 2. Plaintiff did not need to wait to receive the lease agreement to assert this claim; he could have asserted it on

information and belief.[1]

The Court notes that the parties' briefing on this matter is inadequate. The Court reprimands defendants' counsel for misrepresenting what some cases and Federal Rules of Civil Procedure hold. Plaintiff's counsel repeatedly refers to apparent discovery issues. However, plaintiff has not brought any discovery disputes to the Court apart from the January 25, 2024 discovery letter brief, about which the Court issued an order on February 16, 2024. *See* Dkt. No. 44. The time for bringing discovery disputes to the Court has passed, and plaintiff had adequate time to bring such disputes.[2]

**IT IS SO ORDERED**.

Dated: April 23, 2024

SUSAN ILLSTON
United States District Judge

---

[1] Plaintiff's attorney attests that plaintiff is seeking to amend this complaint in good faith and that plaintiff wants to settle this case and have it over with as soon as possible. Chenette Decl. ¶ 16. The Court agrees with plaintiff that defendants have introduced no evidence of bad faith. Hence, this factor does not weigh against granting leave to amend. The Court also does not find that futility weighs against granting leave to amend because defendants have not adequately shown that the new claims would be futile.

[2] The Court further notes that plaintiff refers to discovery disputes that the Court already addressed in its February 16, 2024 order. For example, plaintiff indicates that he continues to wait for information regarding defendants' finances and wholesaler. Dkt. No. 47 at 3. The Court did not order defendants to produce wholesaler information because plaintiff sought that information during depositions and it was not included in any of the RFPs. Dkt. No. 44 at 6. Plaintiff also contends that defendants have not provided employee agreements and information. Dkt. No. 47 at 3. The Court ordered defendants to produce all responsive nonprivileged information regarding defendants' employees' names and agreements *to the extent plaintiff requested this information in interrogatories or RFPs*. Dkt. No. 44 at 6 (emphasis added).